## STATE v. PATRICK STAPLETON.[1]

April 13, 1923.

No. 23,322.

**Reversal on appeal.**

Where conflicting affidavits raise a question of fact, the supreme court on appeal cannot interfere with the trial court's decision thereof. [Reporter.]

**New trial denied.**

Touching a lighted match to the liquor claimed to have been sold to test its alcoholic content, even if misconduct on the part of the jury, did not prejudice defendant and afford ground for a new trial. [Reporter.]

Defendant was indicted by the grand jury of Beltrami county, charged with the crime of selling intoxicating liquor, tried in the district court for that county before Wright, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*P. J. Russell* and *Henry Funkley,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Graham M. Torrance,* County Attorney, for respondent.

PER CURIAM.

Defendant was convicted of selling intoxicating liquor in violation of law and appealed from an order denying a new trial.

The sole question presented in support of the appeal is whether the trial court abused its discretion in refusing a new trial for the alleged misconduct on the part of the jury. We answer it in the negative.

The affidavits to the effect that two of the jurors entered upon the trial, notwithstanding expression to the contrary when examined in their selection to serve, with preconceived opinions of guilt, were controverted by the jurors accused, thus presenting a question of fact for the trial court. On the record thus presented this court is without right of interference with the decision of the trial court thereon.

The further point that there was misconduct on the part of the jury in their act of turning a part of the liquor alleged to have been sold, which was contained in a bottle received as evidence on the trial and marked Exhibit A, into a saucer or other container and touching a lighted match

[1]Reported in 193 N. W. 35.

thereto for the purpose of testing its fluid or alcoholic contents is not sustained. If there was misconduct in that respect the record discloses no substantial prejudice to the rights of defendant and therefore no ground for a new trial.

Order affirmed.